IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| K2 TRADING VENTURES LLC, NEW VISTA, LLC, TAX MATTERS PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | Nos. 04-1419T, 05-1067T<br>Judge Mary Ellen Coster Williams |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EVIDENCE WHICH IS NOT RELEVANT OR IS PREJUDICIAL AND A WASTE OF TIME**

Plaintiff, New Vista, LLC ("New Vista"), moves pursuant to Rules 402, 403, 602, 802 and 901 of the Federal Rules of Evidence (FRE) to exclude certain categories of evidence: (1) the testimony of individuals lacking personal (or any) knowledge of the transactions at issue in this case, including Charles Bee, R. Richard Brown, Lawrence Cohen, Bob LaVallee, Greg Van Boxel and Lori Van Boxel;[1] (2) certain transcripts of testimony provided in other cases, except to the extent such testimony is appropriate for impeachment purposes (including but not limited to proposed Defense Exs. 292-294[2]); and (3) evidence unrelated to the transactions at issue in this

[1] Charles Bee, R. Richard Brown and Lawrence Cohen are employees or former employees of BDO Seidman LLP and are collectively referred to herein as the "BDO Witnesses." Greg Van Boxel and Lori Van Boxel and their former employee Bob LaVallee, are collectively referred to herein as the "Van Boxels."

[2] Recently, Defendant's counsel noted informally Defendant's intent to add the trial transcript of the prior testimony of William Bricker to Defendant's exhibit list. The transcript of Mr. Bricker's prior testimony should be excluded for the same reasons as are set forth herein to exclude any evidence about transactions other than those at issue in this case, including Defense Exs. 292-294. Mr. Bricker, an attorney with the law firm of Curtis Mallet-Prevost, Colt & Mosle LLP, has no personal knowledge of the transactions in this case.

case, including (a) documents allegedly demonstrating communications between the members of Sentinel Advisors, LLC ("Sentinel Advisors") and the BDO Witnesses or the Van Boxels regarding transactions which are not at issue in this case (including but not limited to Defense Exs. 183-185, 187-213, 217-226) and (b) documents which were not created by or sent to Sentinel Advisors and do not concern the transactions at issue in this case (including but not limited to Defense Exs. 227-235) (collectively the "proposed testimony and evidence").

## INTRODUCTION

This case presents the basic issue of the federal income tax treatment of the contribution and assignment of foreign currency options to K2 Trading Ventures, LLC ("K2 Trading") during the year 2000. The key factual question before the Court is to determine the investors' intent in forming and investing in K2 Trading. To that end, Plaintiff will offer evidence demonstrating that, among other things, the K2 Trading investors (i) took cash profits on their investments through restriking of their options, (ii) intended to take further cash profits on this investment as the underlying currencies continued to appreciate, and (iii) formed K2 Trading and transferred their options to this LLC to enhance their profit potential when the underlying currencies stalled in their appreciation. Plaintiffs will also prove that more than six years later, only one of the ten investors involved has ever reported any amount of tax benefits related to the investment in K2 Trading.

In an attempt to divert the Court's attention from these simple facts, Defendant characterizes the transaction at issue as a tax shelter and seeks to introduce evidence of transactions entirely unrelated to the investment in K2 Trading. Defendant would rather focus the Court's attention on the Van Boxels' investment nearly a year

earlier in a separate partnership and the BDO Witnesses' tax advice to the Van Boxels and others, as well as the BDO Witnesses' personal understanding of the tax laws. None of these witnesses has personal knowledge of (i) the investment in spread options made by the investors in this case, (ii) the existence or operation of K2 Trading, or (iii) the investors' intent in forming and transferring spread options to K2 Trading, and none of the documents related to these non-parties and their distinct transactions and understandings is relevant to the questions now before the Court. Similarly, the prior testimony of such witnesses with regard to other transactions, including the transactions at issue in the Jade Trading case, are irrelevant to determining the factual questions raised by the investment in K2 Trading.

Even if the proposed testimony and evidence is relevant (which it is not), the introduction of such testimony is more prejudicial to Plaintiff than it is probative of the issues in this case. Moreover, the need to fully explore the details of these unrelated transactions and understandings is a waste of time which outweighs any limited relevance of such testimony or evidence. Accordingly, exclusion of the proposed testimony and evidence is appropriate.

## ARGUMENT

I. Facts

*A) The BDO Witnesses and BDO Documents*

The simple fact is that the K2 Trading investors did not consult the BDO Witnesses (or any other person at BDO) before, during or after their investment in K2 Trading with regard to the transactions in this case.[3] Therefore, the BDO Witnesses

[3] The sole exception to this are the communications between Udai Puramsetti, a member of K2 Trading, and Lawrence Cohen of BDO, regarding a tax opinion issued by

could only testify regarding transactions undertaken by others or investments other than those at issue in this case. Similarly, Defendant's proposed evidence of communications between the BDO Witnesses or other BDO employees and Sentinel Advisors does not discuss the investment in K2 Trading (such as Defense Exs. 184, 187-193) and internal BDO documents (such as Defense Exs. 195-200) are irrelevant to the intent of the K2 Trading investors.

*B) The Van Boxels and documents relating to the investments of others*

The Van Boxels signed a Consulting Agreement with New Vista in the Summer of 1999. Pursuant to that agreement, New Vista provided investment advice to the Van Boxels (excluding LaVallee who also served as a financial advisor to the Boxels). Subsequently, the Van Boxels engaged in the purchase and sale of foreign currency options in the Summer of 1999 and later assigned those options and cash to a partnership (not K2 Trading). Based on the advice of BDO, the Van Boxels redeemed their interest in the partnership in December 1999 and apparently claimed tax benefits related to that transaction on their 1999 tax returns.

In 2005, the Van Boxels brought a civil suit against New Vista and some of the members of Sentinel Advisors individually for damages allegedly arising out of the IRS's disallowance of tax benefits apparently claimed by the Van Boxels on their 1999 tax returns. This suit was brought despite documentation signed by the Van Boxels stating New Vista's or Sentinel Advisors' role was solely that of an investment advisor

---

BDO to Mr. Puramsetti during 2001 after Mr. Puramsetti withdrew from K2 Trading. Such communications, including the opinion rendered by BDO, are not relevant to this case because Mr. Puramsetti and the Plaintiff have not asserted that such advice to Mr. Puramsetti constitutes a reasonable cause defense to the penalties asserted in the FPAAs. The parties filed a stipulation with the Court to that effect on April 28, 2006.

and acknowledging that the Van Boxels did not rely on New Vista or Sentinel Advisors for tax advice.

Indeed, the Van Boxels had no contact with the K2 Trading investors during the time of the transactions in this case, have no personal knowledge of the transactions in this case and have no knowledge of the K2 Trading investors' intent with regard to their investment in such partnership.

Similarly, Defendant's proposed evidence regarding the Van Boxels' investment (such as Defense Exs. 205-213) or investments by other clients of New Vista or Sentinel Advisors (including but not limited to Defense Ex. 185) does not reflect the intent of the K2 Trading investors in undertaking the transactions at issue in this case.

II. The Proposed Testimony And Evidence Is Not Relevant And Must Be Excluded Under FRE 402 and 602

"It is not only proper but required of a court that testimony on matters not relevant to the issues before the court be precluded." Baskett v. United States, 2 Cl. Ct. 356, 368 (1983) (citing United States v. Manning, 509 F.2d 1230, 1234 (9th Cir. 1974) *cert. denied*, 423 U.S. 824) (granting motion in limine to exclude irrelevant testimony); Manning, 509 F.2d at 1234 (affirming exclusion of a witness whose testimony concerned transactions not at issue in the case before the court); see also FRE 402 ("Evidence which is not relevant is not admissible"). As in Manning, the testimony of the BDO Witnesses and the Van Boxels concerns transactions other than the ones at issue in this case and should be excluded. Similarly, documentary evidence regarding those transactions is not relevant. See Coltec Industries, Inc. v. United States, No. 01-72T (Fed. Cl. May 14, 2003) (holding, in an unpublished order, that documents regarding the marketing of "similar tax shelter products" is not relevant and is not subject to discovery).

Defendant's proffer regarding the testimony of these witnesses underscores its irrelevant nature. For example, the proffers with regard to the Van Boxels states that they will testify "regarding the sale of [Greg and Lori Van Boxel's] business in 1999, which resulted in a large capital gain; meetings with representatives from BDO Seidman, Sentinel, and Curtis Mallet-Prevost, Colt & Mosle LLP regarding the offsetting options transaction; and the steps and fees involved in implementing the offsetting transaction." Defendant's Witness List dated August 18, 2006 at 7. Thus, this testimony and related evidence concerns transactions which are not the subject of this case and should be excluded.

Similarly, R. Richard Brown's proposed testimony regarding "the research <u>he</u> undertook as a result of the subpoena the government served on <u>BDO Seidman</u> . . . addressing <u>BDO's</u> role in creating, disseminating, and/or displaying any presentations or other documents explaining the anticipated tax consequences of the offsetting options transactions," <u>id.</u> at 2 (emphases added), lacks any reference to K2 Trading or its investors and is focused solely on tax benefits which the K2 Trading investors, with only one exception, have not claimed. With regard to Lawrence Cohen and Charles Bee, in addition to proposed testimony regarding other transactions and these witnesses' own irrelevant understanding of the tax consequences of options transactions, Defendant proffers that these witnesses do have knowledge of the K2 Trading investment. This is simply false. Other than Mr. Puramsetti who had communications with Mr. Cohen regarding a tax opinion from BDO <u>after</u> he withdrew from K2 Trading (which opinion is not relevant to any issue in this case, <u>see</u> note 3, <u>supra</u>), the K2 Trading investors did not engage the BDO Witnesses for any advice with regard to their investment in K2 Trading at any point and did not consult with the BDO Witnesses regarding the tax consequences

or any other matter relating their investment in K2 Trading.[4] The testimony of the BDO Witnesses and any evidence regarding other transactions, or BDO's internal discussions regarding such transactions, is thus inadmissible.

Finally, FRE 602 requires that a witness have "personal knowledge of the matter." The BDO Witnesses and the Van Boxels have no personal knowledge of the transactions at issue in this case and, more significantly, have no personal knowledge regarding the intent of the K2 Trading investors in making their investment. Their testimony should therefore be excluded on this ground as well. See FRE 602; United States v. Hernandez, 693 F.2d 996, 1000 (10th Cir. 1982) (affirming exclusion of the testimony of witnesses who lacked personal knowledge of the intent of the defendant); Texaco Antilles LTD v. Creque, 273 F. Supp. 2d 660, 665 (D.V.I. 2003) (affirming lower court's exclusion of witness's testimony regarding the "intent of the transaction" where the witness lacked personal knowledge of such intent).

III. The Proposed Testimony And Evidence Is Prejudicial And Admission Of Such Testimony And Evidence Would Be A Waste Of Time In Violation Of FRE 403

The testimony of the BDO Witnesses and the Van Boxels, as well as the proposed evidence regarding the understandings of others, or transactions other than those at issue in this case, can never be relevant, but even if there is some marginal relevance to any of the proposed testimony and evidence it is outweighed by the danger of unfair prejudice, by undue delay and by waste of time. Accordingly, it should be excluded under FRE 403.

Plaintiff is prejudiced by the distraction caused by the presentation of any of this, at best, minimally relevant material. This prejudice is particularly significant with

4 To the extent Defendant's proffer is intended to refer to Exhibit 119, an internal e-mail between Mr. Bee and Mr. Cohen, such e-mail makes no reference to K2 Trading.

regard to the testimony and evidence relating to the Van Boxels who are suing New Vista and some members of Sentinel Advisors individually on the false premise that New Vista provided the Van Boxels with tax advice. There is no evidence to support the Van Boxels' claim and, in fact, the Van Boxels signed several documents expressly disclaiming the receipt of such advice. Their presence in this case is merely a further example of their misdirected anger at New Vista. Moreover, even if New Vista or others were liable to the Van Boxels (which they are not), such behavior is not probative of the entirely separate transactions and investments undertaken by the K2 Trading investors nearly a year after Sentinel Advisors and New Vista provided investment advice to the Van Boxels.

Beyond this prejudice, the need to fully explore the Van Boxels' transaction and the other transactions Defendant wishes to interject in this case is a waste of time in further violation of FRE 403. See Houser v. Commissioner, 70 T.C.M (CCH) 131, n.15 (1995) (noting that "[i]ntroduction of the evidence would require that petitioner have an adequate opportunity to explore (1) the facts underlying the charges and (2) the outcome of the alleged prosecution and the reasons for that outcome. Respondent then would have to be given an adequate opportunity to rebut petitioner's explanation."); Sundstrand Corp. & Subs. v. Commissioner, 89 T.C. 810, 814 (1987) ("Exclusion of evidence of low probative value is particularly appropriate when admission would result in expenditure of substantial trial time."); Fox v. Commissioner, 80 T.C. 972, 1005 (1983) (excluding evidence of other similar partnerships because "[t]o consider fairly the profit history of these other partnerships, [the court] would have to examine the underlying cause of the financial results in each partnership. This would greatly expand the scope of [the court's] inquiry and, in effect require [the court] to try the cases of all

these partnerships simultaneously with the cases of the instant two partnerships."). Essentially, introduction of the proposed testimony and evidence would require a series of trials within the trial. There would be a trial of the Van Boxels' transaction and a trial of each one of the transactions which the BDO Witnesses testify about and each of the transactions mentioned in the proposed documentary evidence. Such a massive expansion of this case is unnecessary and wasteful of the Court's time and that of the litigants where the relevant question is simply to confirm the motives of the K2 Trading investors and their investment in K2 Trading. Consequently, the proposed testimony and evidence should be excluded.

IV. Other Evidentiary Problems Require Exclusion

In addition to the insurmountable problems posed under FRE 402, 403 and 602, Defendant faces still other substantial evidentiary problems with the proposed evidence. This proposed evidence, including documents reflecting BDO's internal communications and the communications between BDO and others, has no connection to the K2 Trading investors, was not considered or relied on by the K2 investors, and, in most cases, was not known to the K2 Trading investors at the time they decided to make their investment in K2 Trading. Thus, in addition to being excluded as discussed above under FRE 402, 403 and 602, this evidence is inadmissible hearsay under FRE 802 and lack the authentication necessary to satisfy FRE 901.

## CONCLUSION

This case is about the K2 Trading investors and their investment in K2 Trading – not about BDO, the Van Boxels or other investors and other transactions. For the reasons stated above, (1) the testimony of the BDO Witnesses and the Van Boxels, (2) their testimony in other cases, and (3) the evidence of other transactions in which

New Vista was an investment advisor or documents which do not include Sentinel Advisors or New Vista, must be excluded under FRE 402, 403 and 602. In addition, unauthenticated, hearsay evidence containing communications between non-parties, which have no connection to the K2 Trading investors must be excluded under FRE 402 and 403 and also FRE 801 and 901.

For all of the foregoing reasons, Plaintiff's Motion In Limine should be granted.

Respectfully submitted,

s/ Mark D. Allison

MARK D. ALLISON
Dewey Ballantine LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: 212-259-6866
Facsimile: 212-259-6333

Felix B. Laughlin, Esq.
John F. Collins, Esq.

COUNSEL FOR PLAINTIFF

Dated: September 8, 2006