IN THE UNITED STATES COURT OF FEDERAL CLAIMS

K2 TRADING VENTURES, LLC, NEW VISTA, LLC, TAX MATTERS PARTNER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Nos. 04-1419T, 05-1067T
Judge Mary Ellen Coster Williams

**PLAINTIFF'S MOTION TO SHIFT BURDEN OF PROOF TO DEFENDANT**

Plaintiff hereby moves, pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims, to shift the burden of proof to defendant under Section 7491 of the Internal Revenue Code of 1986, as amended (the "Code"). In support of this motion, plaintiff states as follows:

1. Section 7491(a) provides that if certain conditions are satisfied and the "taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer," the burden of proof shifts to the government.

2. Pursuant to the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, § 3001(c), 112 Stat. 727, Section 7491 is effective with respect to court proceedings arising in connection with Internal Revenue Service ("IRS") examinations commencing after July 22, 1998. The examination in this case commenced during the summer of 2003, and thus Section 7491 is effective with respect to this court proceeding.

3. If credible evidence is introduced by the taxpayer, the burden of proof is shifted to the government if the following three conditions are satisfied: First, Section 7491(a)(2)(A) requires the taxpayer to comply with the requirements of the Code and regulations issued

thereunder to substantiate any item. Second, Section 7491(a)(2)(B) requires the taxpayer to maintain records required by the Code and regulations and cooperate with reasonable requests by the government for meetings, interviews, witnesses, information and documents. Third, Section 7491(a)(2)(C) requires that if the taxpayer is a corporation, trust or partnership, its net worth must not exceed $7 million at the time the action is filed.

4. By stipulation between the parties to be filed with the Court on September 8, 2006, defendant has agreed that the Court may assume that the substantiation and cooperation requirements of Section 7491(a)(2)(A) and (B) have been satisfied.

5. With respect to the net worth requirement, K2 Trading did not exist as an entity either at the time of the IRS examinations or when the complaints in this case were filed, and thus the partnership had no net worth for purposes of Section 7491(a)(2)(C). Consequently, such requirement has also been satisfied.

6. Thus, the only issue for purposes of this motion is whether plaintiff has introduced credible evidence with respect to the factual issues present in this case.

7. Courts have defined "credible evidence" as "the quality of evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted (without regard to the judicial presumption of IRS correctness)." Griffin v. Commissioner, 315 F.3d 1017, 1021 (8th Cir. 2003) (holding testimony by taxpayer "credible evidence" to shift burden as to deduction for real property tax payments); Okerlund v. United States, 53 Fed. Cl. 341, 356 n.23 (Fed. Cl. 2002), aff'd, 365 F.3d 1044 (Fed. Cir. 2004) (appraisal report and expert testimony held "credible evidence" to shift burden as to value of minority stock (quoting H.R. Rep. No. 105-599, at 240-41 (1998) (Conf. Rep.)); Forste v. Commissioner, 85 T.C.M. (CCH) 1146, 1156 (2003) (taxpayers produced "credible evidence"

in the form of draft proposal offers and final settlement agreement sufficient to show that a payment was made in settlement of tort or tort-type claim for personal injury).

8. For purposes of this case, the factual issues relate to whether K2 Trading Ventures, LLC ("K2 Trading") was formed and operated as a partnership entity, whether the investors contributed and assigned separately purchased and sold call options and cash to K2 Trading, whether the partners' transfer of such options to K2 Trading had economic substance, whether K2 Trading and its partners had the potential to earn pre-tax profits from its investments, and whether the partners of K2 Trading received property in redemption of their partnership interests.

9. As to the existence and operation of K2 Trading, plaintiff provided the defendant with a fully executed limited liability company agreement (Pl. Exs. 304, 305), state incorporation records (Pl. Ex. 328), federal Form W-9 and EIN records (Pl. Exs. 307, 308), documentation and monthly statements of a bank account with Safra National Bank of New York (Pl. Exs. 312-314), brokerage account statements with Salmon Smith Barney (Pl. Ex. 315), foreign exchange and margin cash account statements and a master trading agreement with AIG International (Pl. Exs. 306, 316, 317), internal accounting and books and records (see, e.g., Pl. Exs. 310, 311, 318, 319, 324, 349), external audit and accounting records (including regular financials and balance sheet statements) (Pl. Exs. 309, 332), and partnership tax returns and Forms K-1 (P. 338, 339).

10. As to the existence of the spread options and cash that were transferred to K2 Trading, plaintiff provided defendant with trade confirmations issued by AIG International (see, e.g., Pl. Exs. 32-39, 76-83, 99-106, 140-147, 180-187, 218-221, 250-257, 270-273), assignment and assumption agreements (see, e.g., Pl. Exs. 8, 66, 92, 122, 163, 207, 239, 276), mark-to-market statements and other third-party documentation evidencing K2 Trading's rights with

respect to the property and obligations contributed and assigned to that partnership (see, e.g., Pl. Exs. 317, 321), as well as similar documentation evidencing cash contributions by the investors (Pl. Ex. 320).

11. As to the economic substance of the transfer of the spread options to K2 Trading, plaintiff provided defendant with evidence of actual profits earned by the investors from transactions entered into prior to the contribution of the spread options to K2 Trading (see, e.g., Pl. Exs. 12-39, 72-83, 95-106, 125-147, 166-187, 210-229, 242-257, 270-273), as well as deposition testimony of Ari Bergmann as to how the pre-tax profit potential associated with the spread options would be improved by virtue of the contribution of the spread options to K2 Trading given the stall in the appreciation in the spot prices of the underlying currencies. Such testimony evidenced that the transfer of the spread options to K2 Trading (i) created diversification of the different strike prices of the options held by each of the partners; (ii) allowed for leverage of the equity in the options positions (by taking cash out of the equity) and the pooling of cash contributions to conduct additional trading of the Euro and British Pound as the currencies appreciated; and (iii) afforded centralized oversight of the investments.

12. As to the pre-tax profit potential of the investments held by K2 Trading, plaintiff provided defendant with foreign currency options confirmations (see, e.g., Pl. Exs. 12-39, 72-83, 95-106, 125-147, 166-187, 210-229, 242-257, 270-273), documentation concerning the trading and restriking of the options and the profits resulting therefrom (see, e.g., Pl. Exs. 28-39, 72-83, 95-106, 136-147, 176-187, 218-229, 246-257, 364, 366, 367), internal and external reports of the rise and potential rise of the value of the Euro and British Pound during 2000 (Pl. Exs. 334-337), foreign currency and brokerage account statements (see, e.g., Pl. Exs. 312-317), the financials

and balance sheets of K2 Trading for its entire existence (see, e.g., Pl. Exs. 309-311, 318, 319, 321, 324, 332, 349), and the deposition testimony of plaintiff's expert, Dr. Nassim Taleb.

13. As to the existence of the various amounts of currencies and stock received by the K2 Trading members in redemption of their partnership interests, plaintiff provided defendant with correspondence and other documentation indicating the withdrawal from the partnership and the transfer of the property from K2 Trading to the individual brokerage and margin accounts of the investors (Pl. Exs. 9-11, 67-69, 108-110, 148-150, 193-195, 230-232, 258-259, 277-279, 322-327).

14. Given that all conditions to the application of Section 7491 have been satisfied and credible evidence with respect to the factual issues in this case has been propounded by plaintiff, the burden of proof in this case should be shifted to and borne by defendant.

WHEREFORE, plaintiff respectfully requests that the Court grant this Plaintiff's Motion to Shift Burden of Proof to Defendant.

Respectfully submitted,

s/ Mark D. Allison

Mark D. Allison
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, NY 10019-6092
Telephone: (212) 259-6866
Facsimile: (212) 259-6333
E-mail: mallison@dbllp.com

Felix B. Laughlin, Esq.
John F. Collins, Esq.

COUNSEL FOR PLAINTIFF

Dated: September 8, 2006